### In re TOBIAS et al.

District Court, S. D. New York.
May 6, 1931.

Burnstine & Geist, of New York City (Irving Schwab, of New York City, of counsel), for the motion.

Matthew Lilling, of New York City, opposed.

WOOLSEY, District Judge.

The certificate and report of the referee is in all respects confirmed, and the recommendations thereof are approved.

I. Of the three specifications filed in opposition to the discharge, under section 14a and section 14b of the Bankruptcy Act as amended (11 USCA § 32), the referee has sustained only one, which was that the bankrupts had filed a false financial statement for obtaining credit.

The Bankruptcy Act was amended on May 27, 1926 (section 6), inter alia, as to section 14 thereof. This section now provides, in so far as it is relevant to the referee's finding on his certificate, as follows (italics mine) : "(b) The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest, at such time as will give the trustee or parties in interest a reasonable opportunity to be fully heard; and investigate the merits of the application and discharge the applicant, unless he has * * * (3) Obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, *in any manner whatsoever*, a materially false statement in writing respecting his financial condition; * * * Provided, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this paragraph (b), would prevent his discharge in bankruptcy, then *the burden of proving that he has not committed any of such acts shall be upon the bankrupt.* * * * "

II. The attorney for the bankrupts, citing cases decided before this amendment, contends that the referee erred in his conclusions and his consequent recommendations. I do not agree. I think the referee was right.

On the facts shown, the burden was cast on each bankrupt of showing that he was not guilty of the ground for refusal of his discharge set forth in the second specification. This burden fell with as much weight on Milton Tobias, the alleged less active partner, as it did on Morris Tobias, the more active partner.

A discharge from his debts is accorded to a bankrupt, and it is a sine qua non, in my opinion, that he should exhibit the utmost candor when his right to discharge is challenged as it was here.

The 1926 amendment of the Bankruptcy Act recognizes this fact, and requires the bankrupt to exculpate himself from the charges instead of leaving the burden on the trustee to convict him thereof, which was the

situation under the law previous to 1926. Cf. In re Simon Weltman & Co., 2 F.(2d) 759, 761 (U. S. D. C. S. D. N. Y. 1924).

Settle order on two days' notice.